UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22498-Civ-UNGARO
MAGISTRATE P. A. WHITE

BENIAMINO GUARINO,                    :

          Plaintiff,                  :

v.                                    :          REPORT OF
                                                 MAGISTRATE JUDGE
FAUSTINO HERNANDEZ, et al.,           :

          Defendants.                 :
_____

## I.  **INTRODUCTION**

Plaintiff Beniamino Guarino, a federal prisoner now confined at the USP in Marion, Illinois, filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that on August 22, 2007, he was subjected brutality at the hands of officers at FDC-Miami. Guarino named FDC-Miami Officer Fausto Hernandez and two unidentified FDC-Miami corrections officers as defendants. He alleges that Hernandez and the other officers engaged in excessive force by, inter alia, grabbing, pushing, slapping and shoving him; slamming him into a cement wall; twisting his arms; and choking him and kneeing him in the back; all causing physical injuries.

**This Cause is before the Court upon defendant Hernandez's Motion to Dismiss (DE#32) with exhibits attached** (DE#32-2, Hernandez Declaration; DE#32-3, Wombacher Declaration; and DE#32-4, Inmate Injury Assessment Form) **which was construed as a Motion for Summary Judgment.** By Court Order (DE# 33), plaintiff Guarino was informed that because the defendant's motion relied on exhibits, it was being converted to a motion for summary judgment. That Order (DE#33) incorporated instructions to Guarino, as a pro se litigant, informing him of his right to respond to the motion for summary judgment.[1] Guarino filed an unsworn Response (DE#34,

---

[1]    Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper

     [i]f the pleadings, depositions, answers to interrogatories, and
     admissions on file, together with the affidavits, if any, show that
     there is no genuine issue as to any material fact, and that the mov-
     ing party is entitled to judgment as a matter of law.

captioned "Motion with the Truth"); Hernandez filed a Reply (DE#35); Guarino filed a Second Response with exhibits (DE#36); and Hernandez filed a Second Reply (DE# 37), with an exhibit (DE#37-2, Affidavit of Brian Best).

---

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted)

Thus, in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted). Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the nonmoving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir. 1987). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., supra).

Pursuant to Brown v. Shinbaum, 828 F.2d 707 (11 Cir.1987), the Order of instructions (DE#33) which informed plaintiff Guraino as a pro se litigant, of his right to respond to the defendant's motion for summary judgment, specifically instructed him regarding the requirements under Fed.R.Civ.P. 56 for a proper response to such a motion.

Defendant Hernandez asserts that the complaint is subject to dismissal pursuant to 42 U.S.C. §1997e(a), which embodies the statutory pre-suit administrative exhaustion requirement established under the Prison Litigation Reform Act of 1995 ("PLRA").

## II.  DISCUSSION

### Defendant's Argument that the Excessive Force Claims are Unexhausted and Barred Under 42 U.S.C. §1997e(a)

On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was signed into law, modifying the requirements for proceeding *in forma pauperis* in federal courts.

Both before and following enactment of the PLRA, and the amendment of 42 U.S.C. §1997e, the requirement that a federal prisoner must exhaust his or her remedies available within the prison system before brining suit in federal court has been held to apply regardless of whether the prisoner's claims seek injunctive relief, monetary relief, or both. Alexander v. Hawk, 159 F. 3d 1321, 1325-26 (11 Cir. 1998); Massey v. Helman, 35 F.Supp.2d 1110, 1112-14 (C.D.Ill. 1999); Fortes v. Harding, 19 F.Supp.2d 323, 324-26 (M.D.Pa. 1998); Terrell v. Brewer, 935 F.2d 1015, 1019 (9 Cir. 1991); Irwin v. Quinlan, 791 F.Supp. 301, 302 (S.D.Ga. 1992).

In pertinent part, the PLRA, as enacted on April 26, 1996, placed new restrictions on a prisoner's ability to seek federal redress concerning the conditions of his confinement. Title 42 U.S.C. §1997e, entitled Suits by Prisoners, provides for dismissal of lawsuits involving claims with respect to the conditions of an inmate's confinement. It reads in pertinent part, as follows:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).[2] Exhaustion is a precondition to litigation in federal courts, and courts do not have the discretion to waive the 1997e(a) requirement. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>Alexander</u>, <u>supra</u>, 159 F.3d at 1325-26; see also <u>Brown v. Sikes</u>, 212 F.3d 1205, 1207 (11 Cir.2000) (concluding that "when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1981 lawsuit"). The Supreme Court has held that "the PLRA exhaustion requirement requires proper exhaustion. <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006). In <u>Woodford</u>, the Supreme Court clarified that proper exhaustion requires "that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." <u>Woodford</u>, <u>supra</u>, 548 U.S. at 88; <u>see also</u> <u>Johnson v. Meadows</u>, 418 F.3d 1152, 1159 (11 Cir.2005) (holding that 1997e(a)'s exhaustion requirement contains "a procedural default component" -- that is, "[p]risoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim"); <u>Harper v. Jenkin</u>, 179 F.3d 1311, 1312 (11

---

[2]     The types of claims which fall within the purview of the statute are not limited to physical conditions encountered within the inmate's cell such as heating, cooling, limited space, or squalor.

They include a wide spectrum of claims. This includes claims concerning use of force by guards against inmates. <u>See</u>: <u>Harper v. Jenkin</u>, 179 F.3d 1311 (11 Cir. 1999) (prisoner medical claims); <u>Alexander v. Hawk</u>, 159 F.3d 1321 (11 Cir. 1998) (First Amendment claim concerning prisoner's access to publications); <u>Moore v. Smith</u>, 18 F.Supp. 1360 (N.D.Ga. 1998) (abuse or excessive force by institutional officers); <u>Dillard v. Jones</u>, 89 F.Supp.2d 1362(N.D.Ga. 2000) (same) (citing <u>Miller v. Tanner</u>, 196 F.3d 1190 (11 Cir. 1999) in which the Eleventh Circuit reversed dismissal after finding that prisoner had exhausted remedies available to him, but declining opportunity to reverse on grounds that excessive force claims are not covered by §1997e(a)); <u>Booth v. Churner, et al.</u>, 206 F.Supp.2d 289 (3 Cir. 2000) (use of excessive force by guards).

Thus, the claims of excessive force raised by plaintiff Guardino in this case fall under the purview of the PLRA.

Cir.1999) (per curiam) (holding that a prisoner did not exhaust available administrative remedies where he filed an untimely grievance without seeking leave, and failed to appeal the denial of his grievance). Thus, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, supra 548 U.S. at 90-91.

As noted supra, in this case, the defendant Hernandez argues that plaintiff Guarino's complaint must be dismissed pursuant to 42 U.S.C. §1997e(a), because with regard to the claim that excessive force was used against him at FCI-Miami, he did not fully and properly exhaust the administrative remedies which were available to him before seeking relief in federal court.

A federal inmate's claims cannot be brought in the federal forum unless he has first exhausted his federal administrative remedies, 28 C.F.R. §542.10 et seq.; and where such administrative remedies have not been exhausted, the claims are subject to dismissal pursuant to 42 U.S.C. §1997e(a).

The administrative remedy procedure for federal prisoners, as set forth at 28 C.F.R. §542.10, et seq., is a three-level process in which the prisoner's complaint must be initiated at the prison, and if denied must be appealed successively to the Regional Director and General Counsel of the Bureau of Prisons. First the inmate, within 20 days of the event complained of, is to attempt an informal resolution of the matter at the institutional level, and must file a formal written Administrative Remedy Request on form BP-9 with the warden of his institution. If dissatisfied with the warden's response, the inmate can appeal within 20 calendar days of the response, using form BP-10, to the Regional Director. If dissatisfied with the Regional Director's response, the inmate can further appeal within 30 calendar days, using form BP-11, to the General Counsel in the Bureau of Prisons Central Office. Administrative remedies have not been exhausted until the inmate's

claim has been filed at all levels and has been denied at all
levels. See 28 C.F.R. §§542.10 - 542.16.

The Eleventh Circuit has held that "the judicially recognized
futility and inadequacy exceptions do not survive the new mandatory
exhaustion requirement of the PLRA," Alexander v. Hawk, supra, 159
F.3d at 1325-26; Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir.
1999). Where exhaustion is now a precondition to suit "the courts
cannot simply waive those requirements where they determine that
they are futile or inadequate," since "such an interpretation would
impose an enormous loophole in the PLRA which Congress clearly did
not intend," and because "[m]andatory exhaustion is not satisfied
by a judicial conclusion that the requirement need not apply,"
Alexander, supra, at 1326 [citing, Weinberger v. Salfi, 422 U.S.
749, 766 (1975) (holding that where exhaustion is a statutorily
specified jurisdictional prerequisite, "the requirement...may not
be dispensed with merely by a judicial conclusion of futility")].
Cf. Qawi v. Stegall, et al., 211 F.3d 1270 [table case, published
on Westlaw], No. 98-1402, 2000 WL 571919, at *1-2 (6 Cir. (Mich)
May 3, 2000) (Circuit Court affirming district Court's dismissal of
the complaint for lack of exhaustion, and noting that the dismissal
was appropriate even though by time of the appeal the plaintiff's
administrative remedies might have become time-barred) (citing
Hartsfield v. Vidor, 199 F.3d 305, 309 (6 Cir. 1999); and Wright v.
Morris, 111 F.3d 414, 417, n.3 (6 Cir. 1997)).


The term "available," as used in Section 1997e(a), does not
mean that inmates must only exhaust their administrative remedies
if the relief they seek is "available" within the administrative
apparatus; instead, the term means that a prisoner must exhaust all
administrative remedies that are available before filing suit,
regardless of their adequacy. Alexander v. Hawk, supra at 1325-26;
Harris v. Garner, supra at 1286. This means that an inmate who is
seeking money damages as relief from defendants in a lawsuit must
exhaust all of his administrative remedies before filing suit, even
if money damages are not available as relief through the
jail/prison grievance procedure. Alexander, supra; Moore v. Smith,
supra 18 F.Supp.2d at 1364.

The Courts have held that with enactment of the PLRA, 42 U.S.C. §1997e(a), as amended, requires that a prisoner must have taken the appropriate procedural steps to fully exhaust his administrative remedies, i.e., that the prisoner must have exhausted the available administrative processes before bringing suit in federal court. Booth v. Churner, 532 U.S. 731, 736-41 (2001) (holding that "one 'exhausts' processes, not forms of relief, and the statute provides that one must"; and further holding that "we think that Congress had mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures"); Miller v. Tanner, 196 F.3d 1190, 1193 (11 Cir. 1999) (incarcerated state prisoner must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983); Harper v. Jenkin, 179 F.3d 1311, 1312 (11 Cir. 1999) (rejecting plaintiff's argument that his administrative remedies should be deemed exhausted since his grievance was denied as untimely and any appeal therefrom would necessarily be denied; and affirming dismissal of civil rights suit for failure to satisfy mandatory exhaustion requirements, and in doing so holding that the appellant could not be considered to have exhausted his administrative remedies where he had not sought leave to file an out-of-time grievance, since to find otherwise would allow an appellant to simply ignore the PLRA's exhaustion requirement and still gain access to federal court merely by filing an untimely grievance).

The law is clear in this Circuit that inmates/prisoners must have sought to file out-of-time grievances and/or grievance appeals in order to exhaust their administrative remedies, as required under the PLRA. A prisoner who has not sought leave to file an out-of-time grievance cannot be considered to have exhausted his administrative remedies under §1997e(a), see Harper v. Jenkin, supra, 179 F.3d at 1312; and even if an appeal would have been futile, the requirement that it be filed is not waived. See Alexander v. Hawk, supra 159 F.3d at 1325-26.

The current exhaustion requirement under §1997e(a) was design-

ed to reduce the quantity and improve the quality of prisoner suits, and affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case; and in some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Porter v. Nussle, 534 U.S. 516, 516-17 (2002). In other instances, the internal review might filter out some frivolous claims; and for cases ultimately brought to court, an administrative record clarifying the controversy's contours could facilitate adjudication. Id. at 517.

As shown through defendant's motion DE# 37, and established by the Declaration of Ruth Wombacher, the BOP's SENTRY Database which contains information concerning federal prisoners including records concerning their filing of administrative remedies (BP-9, BP-10, and BP-11 forms), the plaintiff Guarino had two administrative remedy requests: 1) request No. 479035, which was filed at the three levels (BP-9, BP-10, and BP-11), which sought credit for time served in state prison, and therefore did not exhaust the excessive force claim raised in the present Bivens action; and 2) request No. 478014, which was filed as a BP-10 on December 27, 2007, and which was returned to inmate Guarino on January 4, 2008, rejected because he had not followed mandatory procedure which required that he first filing a BP-9 at the institutional level within 20 days of the event alleged [i.e., the alleged August 22, 2007 use of excessive force] and only thereafter file the BP-10 if he was dissatisfied with a response at the BP-9 level].

There is no evidence that Guarino filed a BP-9 complaining about Hernandez's alleged excessive use of force within 20 days of the events of August 22, 2007. Plaintiff's Exs. A and B (DE#36 at pp.6 and 7) are each an "Inmate Request to Staff," not a BP-9 Request for Administrative Remedy complaining of excessive use of force. Plaintiff's Ex.C also is not a BP-9.

Under the circumstances, it is clear that the plaintiff

Guarino did not fully avail himself of the available administrative procedures necessary to satisfy the exhaustion requirement regarding his allegation of excessive use of force on August 22, 2007, by timely filing a BP-9 about the alleged use of Force within 20 calendar days of the event.

Guarino's failure to follow proper procedure means that his administrative remedies as to the use of force claim are unexhausted. Allowing him to proceed on his unexhausted claim would frustrate the policies behind the mandatory PLRA exhaustion requirement. As for the claim that Hernandez deprived the plaintiff of his constitutional rights by using excessive force against him, the motion to dismiss, construed as a summary judgment (DE# 32) should be granted on the asserted ground that the claim is barred under the provisions of the PLRA concerning exhaustion of administrative remedies, as codified under 42 U.S.C. §1997e(a). See Booth v. Churner, Woodford v. Ngo, Alexander v. Hawk, Moore v. Smith, Harper v. Jenkin, Massey v. Helman, Fortes v. Harding, Terrell v. Brewer, and Irwin v. Quinlan, supra.

### III.   Conclusion

It is therefore recommended that: 1) the defendant Hernandez's motion to dismiss (DE#32), construed as a motion for summary judgment, be GRANTED; and 2) this case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: September 2nd, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Beniamino Guarino, Pro Se
     Reg. No. 45286-004
     United States Penitentiary
     P.O. Box 1000
     Marion, IL 62959

Charles S. White, AUSA
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th St., Suite 300
Miami, FL 33132