**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 07-22498-CIV-UNGARO

BENIAMIMO GUARINO
               Plaintiff,
v.

FAUSTO HERNANDEZ ET. AL.,
               Defendants.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before Court upon Defendants Hernandez's Motion to Dismiss with

exhibits attached which was construed as a motion for summary judgment.(See. D.E. 32, 33.)[1]

The matter was referred to Magistrate Judge Patrick A. White who issued a Report

recommending (i) the defendant Hernandez's motion to dismiss construed as a motion for

summary judgment be granted and (ii) this case be closed.  (D.E. 6.)  Plaintiff filed objections to

the Magistrate Judge's Report.  The Court has considered Plaintiff's objections but agrees with

the analysis on which the Report is based.  Particularly the Magistrate Judge found that Plaintiff

did not file a BP-9 form, a grievance appeal, concerning Hernandez's alleged excessive use of

---

[1] Plaintiff's *pro se* civil rights complaint pursuant to Bivens v. Six Unknown Agents of
the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that on August 22, 2007, he was
subjected brutality at the hands of officers at FDC-Miami.  By Court order, Plaintiff was
informed that because the Defendant's motion to dismiss relied on exhibits, it was being
converted to a motion for summary judgment.  (D.E. 33.)  The order incorporated instructions to
Guarino, as a *pro se* litigant, informing him of his right to respond to the motion for summary
judgment.  (D.E. 33.)  Guarino filed an unsworn Response captioned "Motion with the Truth."
Hernandez filed a Reply (D.E. 35); Plaintiff filed a second response with exhibits (D.E. 36.); and
Hernandez filed a Second Reply with an exhibit containing an affidavit of Brian Best. (D.E. 37.)

force against him within 20 days of the events of August 22, 2007.  This omission constituted a

failure to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995,

which is a requirement that applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they alleged excessive force or some

other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  In his objection, Plaintiff claims that

the has copies of all that he had filed and that indicates he did filed administrative remedies, but

failed to include copies of such documents in support of his objection.  (*See* D.E. 41 at 3.)

Accordingly, having conducted a *de novo* review of the record and being otherwise fully advised

in the premises, it is hereby,

ORDERED AND ADJUDGED that the Magistrate Judge's Report is RATIFIED,

AFFIRMED AND ADOPTED.

DONE AND ORDERED in Chambers at Miami, Florida, this _9th__ day of

October, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record
Beniamino Guarino, *pro se*

2